# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-306
_____

ALAN DALE COBY,

   Appellant,

   v.

STATE OF FLORIDA,

   Appellee.

_____


On appeal from the Circuit Court for Santa Rosa County.
John F. Simon, Judge.

August 30, 2018


PER CURIAM.

   Alan Dale Coby was charged with possession of a firearm by a convicted felon and possession of a controlled substance. Coby moved to suppress the evidence, alleging that the deputy who found the gun and drugs did not have reasonable suspicion for the traffic stop that led to the discovery. The trial court denied Coby's motion, and Coby later pleaded no contest, reserving the right to appeal the order denying his suppression motion. *See* Fla. R. App. P. 9.140(b)(2)(A)(i). We affirm.

   The pertinent facts are essentially undisputed. Officials issued a be-on-the-lookout (BOLO) for a dark SUV heading north, away from the scene of a shooting. Just one mile from the shooting's location—and only two or three minutes after receiving

the BOLO—a sheriff's deputy spotted Coby's vehicle (a dark SUV) heading north. It was 4:15 in the morning and there were no cars on the road but Coby's. The deputy followed Coby's SUV, while asking dispatch for more information. Dispatch noted that the suspect vehicle had aftermarket bumpers. The deputy, seeing aftermarket bumpers on Coby's SUV, executed a stop. After smelling marijuana, the deputy administered *Miranda* warnings, and Coby admitted he had a gun and drugs. The deputy searched the SUV and found both. After further investigation, it was determined that Coby had not been involved in the shooting that led to the BOLO.

On appeal, Coby contends only that the initial traffic stop was unlawful. He does not argue that any of the deputy's actions after initiating the stop violated the Fourth Amendment. Thus, if we conclude that the initial stop was lawful, we must affirm.

"A trial court's ruling on a motion to suppress comes to us clothed with a presumption of correctness and, as the reviewing court, we must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustaining the trial court's ruling." *Murray v. State*, 692 So. 2d 157, 159 (Fla. 1997). When an officer makes a stop in reliance on a BOLO report, courts may consider the "the length of time and distance from the offense, the specificity of the description of the vehicle and its occupants, and the source of the BOLO information" in determining whether the totality of the circumstances supported the stop. *Partlow v. State*, 134 So. 3d 1027, 1030 (Fla. 1st DCA 2013). Time of day and the number of cars on the road may also be considered. *See Cobb v. State*, 642 So. 2d 656, 659 (Fla. 1st DCA 1994).

Here, the trial court concluded that the time of the stop (around 4:15 a.m.), the fact that there were no other cars on the road, the fact that Coby's SUV matched the description (including having aftermarket bumpers), and the fact that Coby was traveling near the shooting (and just minutes afterward) together supported a conclusion that the traffic stop did not violate the Fourth Amendment. And we conclude—based on the totality of the circumstances—that the trial court's conclusion was correct.

AFFIRMED.

ROBERTS, RAY, and WINSOR, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Andy Thomas, Public Defender, and Kasey Lacey, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Kaitlin Weiss and Tabitha Herrera, Assistant Attorneys General, Tallahassee, for Appellee.